UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-24413-CIV-MORENO

JORGE GUTIERREZ, CYNTHIA RECONDO,
MANNFRED ARAUJO, RICARDO
QUINONES, YOANNY RODRIGUEZ, JIMMY
VAZQUEZ, and others similarly situated,

    Plaintiffs,

vs.

CABLE EQUIPMENT SERVICES, INC., and
CHARLES F. APPELDOORN,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS IV AND V AND DISMISSING WITHOUT PREJUDICE COUNTS I, II, and III

Plaintiffs are cable equipment collectors who are tasked with picking up cable equipment that needs to be returned to the cable company. They allege violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). The Defendants claims that the Plaintiffs are not employees covered under the FLSA. Complicating this dispute is that Plaintiffs' failure to respond to a request for admissions deems those facts admitted. Plaintiff now contradict those admissions through affidavits filed with the opposition to the motion for summary judgment. Because the record fails to show that Plaintiffs are employees covered by the FLSA, the Court grants summary judgment in favor of Cable Equipment Services, Inc. on Count IV and Charles Appeldoorn on Count V. The Court declines to exercise jurisdiction over the Florida state claims of breach of contract (Count I),

*quantum meruit* (Count II), and unjust enrichment (Count III) and dismisses these claims without prejudice to be refiled, if appropriate, in state court.

## I. Background and Summary Judgment Standard

Plaintiffs filed a complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), breach of contract, *quantum meruit*, and unjust enrichment. Defendants are the Plaintiffs' former employer, Cable Equipment Services, and that company's Chief Executive Officer and owner, Charles Appeldoorn. The FLSA violations are alleged against Equipment Services (Count IV) and Mr. Appeldoorn (Count V). The other claims, Counts I, II, and III, are made solely against Equipment Services. Defendants have moved for summary judgment on all counts.

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position.

## II. The Business of the Parties

Equipment Services is in the business of securing the right to collect cable companies' equipment from persons that no longer subscribe to that companies' service. Headquartered in Minnesota, Equipment Services employs, as employees, a small staff of managers. Those

managers visit a geographic area to identify and contract two separate groups of individuals, what Equipment Services calls "Market Contractors" and "Drivers." Both groups are treated by Equipment Services as independent contractors.

Drivers, such as all of the Plaintiffs in this case, are tasked with traveling from location to location to physically obtain the equipment that needs to be returned to Comcast. Drivers were paid per piece of equipment collected. Market Contractors, on the other hand, were the persons who were told the name and address of the individual in possession of equipment that needed to be recovered. Market Contractors divided the pick-up requests between the Drivers and were also tasked with sending the equipment to the cable companies, whether they received it from a Driver or if they collected it themselves.

### III. The Parties Respective Positions Regarding the FLSA Claims

Plaintiffs contend that they are owed unpaid minimum wage and overtime because Equipment Services misclassified them as independent contractors. Plaintiffs argue that they are instead employees as defined by the FLSA. Whether an individual is an employee or an independent contractor is determined by the "economic reality" between the plaintiffs and the defendants. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013). Both Plaintiffs and Defendants urge the Court to look at six factors taken from *Scantland v. Jeffry Knight, Inc.* in order to determine the underlying "economic reality:"

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship;

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.*[1] These factors are not exhaustive, controlling, or dispositive. *Id.*; *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (S.D. Fla. 2001) (Jordan, J.). "Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Scantland*, 721 F.3d at 1312 (*quoting Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301-02 (5th Cir. 1975)).

Defendants provide a litany of reasons, and point to evidence in the record, as to why Plaintiffs were truly independent contractors. Some of those reasons are that Plaintiffs 1) entered into independent contractor agreements, 2) were paid by piece of equipment recovered, 3) were compensated depending on their own efficiency, productivity, and skills, 4) provided and paid for all of their own equipment, 5) determined their own pickup routes, 6) were in charge of how to handle telephone calls and otherwise deal with customers, 7) decided which days to work, 8) set their hours apart from those prohibited by ordinance, 9) were not actively supervised by any representative of Equipment Services, 10) were not subject to evaluations, 11) were not required to wear a uniform, although the cable company

---

[1] Both parties in the *Scantland* case relied on solely those six factors. The Court is aware that the Eleventh Circuit has previously looked to eight similar factors in order to divine economic realities, but finds it unnecessary to outline each of those factors here. *See Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 Fed. App'x 940, 943 (11th Cir. 2012) (*citing Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012)).

did have some requirements, 12) did not have to mark their own vehicles, although, again, the cable company did have some requirements, 13) did not have an Equipment Services e-mail address, telephone number, or business card, 14) at least some conducted business in the name of a corporation that they set up themselves, 15) were free to hire assistants and, 16) did not have a non-compete or any other kind of exclusivity agreement.

Plaintiffs' opposition to the motion for summary judgment tries to create a genuine issue of material fact in each of the six *Scantland* factors by raising arguments about: 1) the extent of Equipment Services' control, including the rigorous nature of Equipment Services' training, procedures, and Plaintiffs' lack of autonomy; 2) the lack of opportunity to control their own profit or loss which is commensurate with the lack of autonomy or required skill argued in the previous section; 3) the amount of equipment provided, including the uniform and vehicle-marking requirements; 4) the paucity of skill required to perform the job; 5) the permanence of the relationship and supposed exclusivity required by Equipment Services; and 6) the integral nature of Plaintiffs' service to the Defendants' business. Although Plaintiffs offer some reasons as to why a reasonable factfinder may find them to be employees, and cognizant that the Court is obliged to view the evidence in the light most favorable to Plaintiffs and make all reasonable inferences in their favor, Plaintiffs still fail to create a genuine issue of material fact so as to survive summary judgment. Fatal to most of Plaintiffs' arguments is that they have already admitted to the grand majority of Defendants' factual arguments. Even without these deemed admissions, the Plaintiffs some times fail to

present any record evidence.

### A. The Plaintiffs' Admissions and Deficiencies

Federal Rule of Civil Procedure 36(a)(3) states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants served their First Set of Requests for Admission to Plaintiffs on January 22, 2015. At no point since has Plaintiff made any response to those requests. Plaintiffs do not dispute that they were served with the request for admissions nor do they deny that they failed to respond. To this day Plaintiffs have not moved to withdraw or amend their responses in accordance with Federal Rule of Civil Procedure 36(b). *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is **conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.**") (emphasis added). At best, Plaintiffs are responding to the request for admissions now by offering contradictory affidavits with their response to the summary judgement motion. This is simply too little, too late.

In cases where a written response was made to the request for admissions, unlike here, courts have found contradictory affidavits insufficient to survive motions for summary judgment. *See United States Commodity Futures Trading Comm'n v. Angus Jackson, Inc*, No. 12-cv-60450-JIC, 2013 WL 320185, at *14 (S.D. Fla. Jan. 28, 2013) (declarations which make no effort to explain prior contradictory admissions do not create a genuine issue of

material fact). *See also, Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1997) ("[W]e do not think that an affidavit should be allowed *without explanation* to controvert the affiant's written admissions.") (emphasis in the original). More applicable to the case at hand, the Eleventh Circuit has affirmed summary judgments based on facts established through non-responses to requests for admissions. *See, e.g, United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (Affirming a grant of summary judgment in a forfeiture action, and stating "[Claimaint] was free to timely answer or object to the requests and proceed through discovery to trial, but his silence conclusively established the government's case."); *J.D. Pharm. Distrib., Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1208-09 (11th Cir. 1990) (vacating summary judgment against one defendant who never received notice of the request for admissions, but affirming as to another defendant who did receive notice but failed to respond). Plaintiffs have provided no citation or argument as to why the Court should revisit the facts conclusively established by their failure to respond to the request for admissions. The Court is aware of one more recent Eleventh Circuit opinion that has vacated a summary judgment that was based on facts deemed admitted by a failure to respond. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir. 2002). That case, however, was an appeal from the denial of a motion to withdraw or amend a non-response. Here, Plaintiffs have made no motion or argument regarding their failure to respond.

As a result, Plaintiffs cannot contradict and have essentially admitted Defendants' arguments as to all of the six *Scantland* factors with an exception as to the integral nature of

Plaintiffs' service to the Defendants' business. For example, as regards three of the factors (extent of control, lack of opportunity to control profit or loss, and special skill), Plaintiffs have admitted that they: were free to hire assistants (Admission No. 16); had other jobs (Admission No. 20); were not actively supervised by any manager or employee (Admission No. 21); were not told by any manager or employee to work a particular shift, day, or time so long as it was between 8:00 a.m. and 9:00 p.m. (Admissions Nos. 22-23); were allowed to determine their own pick-up order and route (Admissions Nos. 24-25); had the freedom to refuse jobs (Admission No. 26); were paid on their ability to collect equipment (Admissions Nos. 28-29); were free to submit invoices in any legible form (Admission No. 32); were not accompanied by other personnel (Admission No. 33); were not subject to quality standards (Admission No. 34); were not provided any formal training on how to render their services (Admission No. 35); and had signed an agreement stating that they were independent contractors (Admission No. 36). As to the factor regarding the equipment provided, Plaintiffs have admitted that they: were not provided any tools or equipment (Admission No. 5), used their own automobile and covered those expenses (Admissions Nos. 6-7), used their own cellphone and covered those expenses (Admission No. 11-12), were not required by Equipment Services to wear a uniform (Admissions Nos. 14-15, 27), and were not required by Equipment Services to mark their vehicles (Admissions Nos. 8-10, 15). As to the factor regarding the permanence of the relationship, Plaintiffs have admitted that they: were not required to work exclusively with Equipment Services (Admission No. 19), were not guaranteed work beyond any one current assignment (Admission No. 30), and were free to

discontinue the relationship at any time (Admission No. 31). To the extent Plaintiffs' arguments are not expressly contradicted by the admissions, the Court still fails to find a genuine issue of material fact. For example, although Plaintiffs make some argument that the Market Contractors exerted more significant control, these arguments do not comport with the admissions stating that Plaintiffs were not actively supervised and were not told to work a particular shift, day, or time. Plaintiffs offer no explanation for the inconsistency.

Both as part of the previously discussed *Scantland* factors and the remaining factor regarding the integral nature of the Plaintiffs' services to the Defendants' business, Plaintiffs fail to point to record evidence in support of their arguments. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials **in the record**." Fed. R. Civ. P. 56(c) (emphasis added). In accordance with Federal Rule of Civil Procedure 56, the Court will not consider arguments based on citations to materials not filed or otherwise present in the record. Nor is the Court under any obligation to scour the record in the hopes of finding some corroborating evidence. *See Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2006). For example, Plaintiffs cite to "Peterson, CES Corp. Rep. Depo." but have not provided the Court with any deposition transcripts.[2] Having not been presented with the deposition transcript, and given the admissions, the Court finds that Plaintiffs have failed to raise a genuine issue of

---

[2]The Court has reviewed page 34 of a deposition transcript for Mr. Peterson, likely cited by Plaintiffs, because it was provided by Defendants in their reply. That particular page is not as helpful to Plaintiffs' case as they seem to argue.

material fact as to the employment relationship between the Plaintiffs and Defendants. As regards the sixth *Scantland* factor, the integral nature of the Plaintiffs' services to the Defendants' business, that factor alone does not preclude summary judgment even if Plaintiffs had provided record evidence. *See Chao v. Mid-Atlantic Installation Servs., Inc.*, 16 Fed. App'x 104, 107 (4th Cir 2001) (affirming summary judgment and holding that the fact that an individual is integral to the business, "standing alone, does not create an employment relationship."). Plaintiffs have failed to raise a genuine issue of material fact as to whether they are employees for purposes of the FLSA.

## B. Language Cited in a Related Complaint is Not Entitled to *Chevron* Deference

Plaintiffs state that Department of Labor has already made a determination that they are employees for purposes of the FLSA. As support, they cite language in a complaint filed by Equipment Services in a related case seeking a declaratory judgment. *See Cable Equip. Servs. v. Thomas E. Perez*, Case No. 15-cv-20157-SCOLA, D.E. No. 1 (S.D. Fla. Jan. 15, 2015) (referencing telephone conversations with a wage and hour investigator of the Department of Labor who stated that both Market Contractors and Drivers are employees for purposes of the FLSA). Plaintiffs argue that the Court should defer to the Department of Labor's determination under *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Courts regularly afford the Department of Labor *Chevron* deference when it issues regulations interpreting ambiguous or undefined statutory terms. *See, e.g., Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1299 (11th Cir. 2011).

Plaintiffs, however, have not provided a regulation or indeed any document from the Department of Labor. Instead, this Court is provided merely Equipment Services' recounting, in another case, of something communicated to them over the phone by someone employed by the Department of Labor. The Eleventh Circuit has refused to afford *Chevron* deference to far more substantial determinations by the Department of Labor. *See Rodriguez v. Farm Stores Grocery, Inc.*, 528 F.3d 1259, 1268 n.5 (11th Cir. 2008) (holding that an interpretative bulletin codified in the Code of Federal Regulations was not entitled to *Chevron* deference because it was not a regulation). Given the evidence presented, the determination of the Department of Labor is at best entitled to the more limited deference as described in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). If the Court were to assume that these telephone conversations were a ruling, interpretation, or opinion, and constant with *Skidmore*-type deference, they would not be binding on the Court. *Id.* "The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.* Plaintiffs have provided no evidence illuminating the Department of Labor's thoroughness, validity of reasoning, consistency, or indeed offer much apart from the block quote taken from Equipment Services' related complaint. Nor is that enough to compensate for the facts conclusively admitted to by the Plaintiffs or the lack of record evidence supporting Plaintiffs' arguments.

## C. Mr. Appeldoorn is Not An Employer Under the FLSA

The claim against Mr. Appeldorn does not survive summary judgment for the additional reason that there is no evidence that he had the kind of "operational control" necessary for him to be considered an employer under the FLSA. In determining individual liability under the FLSA, the Eleventh Circuit has held that the "primary concern is the supervisor's role in causing the FLSA violation." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013). The control "must be both **substantial and related to the company's FLSA obligations.**" *Id.* (emphasis added). Plaintiffs' sole piece of record evidence in favor of liability is that Mr. Appeldoorn is the Chief Executive Officer and owner of Equipment Services. Defendants, supported by affidavit, state that Mr. Appeldoorn is not involved in the day-to-day operations of Equipment Services, did not supervise or direct any of the Plaintiffs, and had minimal contact with Plaintiffs or Equipment Services' business activities in Miami. Plaintiffs point to no evidence in the record to contradict this and instead rely on the language in *Lamonica*. The court in *Lamonica* held that there was sufficient evidence for a jury to find that a director of a company was an employer under the FLSA because he was "present less often" than "about half the time," exercised direct control over whether the plaintiffs got paid and used his own money for that purpose, and met with the plaintiffs to discuss payroll issues. *Id.* The evidence in the record present here is far short of that. As such, summary judgment as to the claim against Mr. Appeldoorn is proper for this additional reason.

## IV. The Florida Law Claims Do Not Survive Summary Judgment

Plaintiffs *quantum meruit* and unjust enrichment claims are both based on the Defendants' alleged failure to pay them in accordance with the FLSA, and may perhaps fail as well. Even so the Court will defer to a state court, where the state claims should be adjudicated. Therefore those claims will be dismissed without prejudice to bring in the state court.

## V. Conclusion

Summary judgment is entered in favor Defendants on Counts IV and V. Counts I, II, and III are dismissed without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record